UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-648-H

JOSEPH JUDE THOMPSON                                                                                    PLAINTIFF

v.

JOHN R. KOKO and COMMUNITY BANK
OF OAK PARK RIVER FOREST                                                                         DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff, John Jude Thompson ("Thompson"), brought this action in Jefferson Circuit Court alleging common law and state statutory claims against Defendants John R. Koko ("Koko") and Community Bank of Oak Park River Forest ("Community Bank"). The lawsuit stems from a dispute as to Community Bank's security interest in a $500,000 certificate of deposit Thompson purportedly pledged as collateral for loans Community Bank extended to corporations Koko had earlier established. Defendants removed the case to federal court based on diversity jurisdiction. Now before the Court is Community Bank's motion to dismiss for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2).

I.

Plaintiff must carry the burden of establishing personal jurisdiction. *Welsh v. Gibbs*, 631 F.2d 436, 438 (6th Cir. 1980). Thompson need only make a prima facie case of jurisdiction, rather than showing jurisdiction by a preponderance of the evidence, because the Court is deciding the issue based on written materials instead of an evidentiary hearing. *Id.* at 438-39; *see also Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998) ("plaintiff need only make a prima facie showing of jurisdiction") (citations and internal quotation marks

omitted). The Court must view the evidence in a light most favorable to Thompson and not consider controverting evidence submitted by Community Bank. *Dean*, 134 F.3d at 1272.

The jurisdictional facts Thompson alleges are as follows: (1) Community Bank knew at all relevant times that Thompson was a Kentucky resident; (2) Community Bank sent an e-mail on June 10, 2008 to Thompson's broker in Kentucky to confirm receipt of a wire of $500,000; (3) Thompson's broker and Community Bank's president addressed each other by first name in their e-mails; (4) Koko directed Thompson to send a letter to Community Bank with an instruction to use the wired funds to purchase a certificate of deposit;[1] (5) Thompson requested Community Bank place his $500,000 into a certificate of deposit, which the Bank did and confirmed to Thompson via e-mail; (6) Community Bank sent periodic account statements to Thompson at his Louisville, Kentucky address; (7) since the dispute underpinning this lawsuit arose, Community Bank has directed correspondence to Thompson in Kentucky.

II.

A federal district court sitting in Kentucky may only exercise personal jurisdiction over a nonresident defendant if a plaintiff shows such exercise would comport with Kentucky's long-arm statute, Ky. Rev. Stat. § 454.210, and the Due Process Clause of the U.S. Constitution. *Spectrum Scan, LLC v. AGM California*, 519 F. Supp. 2d 655, 657 (W.D.Ky. 2007); *see also Welsh*, 631 F.2d at 438 (noting a district court determining jurisdiction "applies the law of the state in which it sits subject to due process limitations"). Kentucky courts have long held the

---

[1] The Court recounts this fact as stated in Plaintiff's response to Defendant's motion to dismiss and the Thompson Affidavit. However, the Court notes the statement in the Thompson Affidavit cites to Exhibit 2 (attached and incorporated into the Thompson Affidavit), a June 18, 2008 e-mail from Koko to Thompson instructing him to send a letter to Community Bank pledging an existing certificate of deposit as "colateral [sic] for BAAI loans." The conflict between what Thompson states in Paragraph Six of his affidavit and the supporting documentation does not bear on the Court's jurisdictional analysis, but could be relevant to future merits determinations.

long-arm statute allows jurisdiction to the limits of the Due Process Clause. *See, e.g.*, *Wilson v. Case*, 85 S.W.3d 589, 592 (Ky. 2002) (*overruled by Caesars Riverboat Casino, LLC. v. Beach*, 336 S.W.3d 51 (Ky. 2011)). However, the Kentucky Supreme Court recently clarified that claims must meet one of the explicit categories of the long-arm statute, even if federal due process would otherwise permit personal jurisdiction. *Caesars*, 336 S.W.3d at 56; *see also Lindsey v. Cargotec USA, Inc.*, No. 4:09-CV-71-JHM, 2011 WL 4587583 at *2, n.1 (W.D.Ky. Sept. 30, 2011).

To assert jurisdiction over Community Bank under the Kentucky long-arm statute, Thompson must show: (1) Community Bank's conduct falls under one of the nine statutory categories; and (2) his "claim 'arises from' the statutory provision upon which long-arm jurisdiction is predicated." *Caesars*, 336 S.W.3d at 58. Thompson identifies two statutory categories under which Community Bank's activities fall – transacting business in Kentucky and causing tortious injury by an act or omission in Kentucky. Ky. Rev. Stat. Ann. § 454.210(2)(a) (LexisNexis 2010). The Court will assess the alleged jurisdictional facts to determine if either category applies.

A.

The Court agrees with Thompson that a bank-customer relationship may qualify as "transacting any business." However, the long-arm statute requires a defendant to transact business "in this Commonwealth." On the facts alleged, Community Bank appears to only transact business in Illinois. The limited communications between Community Bank and Thompson – confirming receipt of a wire, sending account statements, and responding to a demand letter – do not amount to transacting business as that statutory category has been applied

in other cases. *See, e.g.*, *Ford v. RDI/Caesars Riverboat Casino, LLC*, 503 F. Supp. 2d 839 (W.D.Ky. 2007) (finding defendant transacted business in Kentucky, the source of half its customers and substantial revenues and where it conducts extensive advertising, sponsors events, and makes charitable contributions); *Am. Trade Alliance, Inc. v. S. Cross Trading,* No. 2009-CA-001353-MR, 2011 WL 112439 at *2 (Ky. Ct. App. Jan. 14, 2011) (finding shipment of goods and promotion of sales in Kentucky constitutes transacting business). Essentially, Thompson is attempting to predicate personal jurisdiction on his conduct instead of Community Bank's contacts with Kentucky. The Court cannot assert jurisdiction over Community Bank via the "transacting any business" provision of the long-arm statute.

B.

Plaintiff also asserts § 415.210(2)(a)(3) applies, which allows jurisdiction over a defendant causing a tortious injury in Kentucky. However, Thompson offers no explanation or argument as to what Community Bank did in Kentucky amounting to tortious injury. Thompson has pleaded tort claims of fraud and breach of a fiduciary duty. Although unclear from the pleadings, the Court surmises the injuries Thompson has suffered are the fraudulent inducement to purchase the certificate of deposit, pledge it as collateral for certain business loans, and then Community Bank's refusal to release the funds from the certificate of deposit to either Thompson or AIP Holdings.[2]

These injuries do not support jurisdiction under § 415.210(2)(a)(3). First, Thompson does not allege any communications between Community Bank and Thompson before the

---

[2] AIP Holdings is a Florida corporation Koko organized in 2009 and in which Thompson received shares of stock.

$500,000 wire transfer, let alone communications containing fraudulent misrepresentations. In fact, Thompson alleges he followed directives from Koko, not Community Bank. Second, Community Bank's holding the funds pursuant to its purported security interest is conduct occurring in Illinois, not Kentucky. *See Spectrum Scan*, 519 F. Supp. 2d at 659 (finding defendant did not act in Kentucky even though the act had a consequence in Kentucky) (*citing Pierce v. Serafin*, 787 S.W.2d 705 (Ky. Ct. App. 1990)). With no tortious injury in Kentucky arising from Community Bank's conduct, the long-arm statute cannot support personal jurisdiction.

Community Bank's alleged conduct and contacts with Kentucky do not satisfy the criteria for any provision of the Kentucky long-arm statute and therefore the Court need not proceed to analyze whether asserting jurisdiction would comport with federal due process limitations.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant Community Bank's motion to dismiss for lack of personal jurisdiction is SUSTAINED and the Complaint as to Community Bank is DISMISSED WITH PREJUDICE. The individual claims against Koko remain.

cc: Counsel of Record